A Juvenile Court judge terminated the mother's parental rights to the child and declined to order posttermination visitation. On appeal, the mother contends the judge erred by using the mother's inability to afford transportation to visit with the child against her, and in not issuing a posttermination visitation order despite the mother's positive relationship with the child. We affirm.
Discussion. 1. Mother's missed visits.[3] To terminate a parent's rights, a judge must first find that the parent is unfit. Adoption of Ilona, 459 Mass. 53, 59 (2011). We review the judge's determination of parental unfitness for an abuse of discretion or clear error of law, Adoption of Hugo, 428 Mass. 219, 225 (1998), cert. denied sub nom. Hugo P. v. George P., 526 U.S. 1034 (1999), accepting all factual findings absent clear error. Custody of Eleanor, 414 Mass. 795, 802 (1993). One factor the judge must consider when determining unfitness is "the willful failure to visit the child where the child is not in the custody of the parent." G. L. c. 210, § 3(c )(x), amended by St. 1999, c. 3, § 17.
Here, the judge's undisputed findings show that the mother was unable to work with the Department of Children and Families (DCF) to schedule visits with the child. She was difficult to contact and missed visits due to her inattention and other issues. She once called DCF to cancel a visit that had never been scheduled. Another time she claimed that she could not visit because she forgot her identification for boarding a train from New Hampshire to Haverhill. Despite her claims that she could not afford to visit the child, she never requested financial assistance from DCF. Rather, the mother blamed her state of "shock" for her failure to visit the child.
In any event, the mother's unfitness did not rest simply on her lack of visits with the child. The judge also found that the mother has serious unaddressed substance abuse and mental health issues. These findings were also amply supported by the record. The mother's substance abuse resulted in repeated encounters with law enforcement and the mother refused to accept that she had a substance abuse problem, claiming instead that she was properly taking only prescribed medications. Under these circumstances, the judge did not err in finding that the mother's substance abuse issues were not temporary.[4] See Adoption of Carlos, 413 Mass. 339, 350 (1992) (when terminating parental rights, judge must consider whether unfitness is merely temporary). Accordingly, we discern no error.
2. Visitation order. The judge's failure to order posttermination visitation is also amply supported by the record. When considering such an order, a judge must determine whether visitation is in the child's best interests. Adoption of Ilona, supra at 63. An order is in the child's best interests only when the child has " 'a significant, existing bond with the biological parent' whose rights have been terminated." Id. at 63-64, quoting from Adoption of Vito, 431 Mass. 550, 563 (2000).
While the judge did not explicitly find that posttermination visitation would not be in the child's best interests, she did not order any posttermination visits and her subsidiary findings amply support that decision. In the three years leading up to trial, the mother rarely visited the child, and often missed scheduled visits. See Adoption of Saul, 60 Mass. App. Ct. 546, 556 (2004) (posttermination/postadoption visitation order not warranted where parent missed visits and opted for fewer visits than those offered). In addition, at the time of trial the child had been transitioning well to her preadoptive family. Accordingly, there was no error in the judge's decision implicitly declining to order posttermination visitation -- leaving, instead, the question of posttermination visitation to the adoptive parents. See Adoption of Ilona, supra at 63-66.
Decree affirmed.

In a footnote in its brief, the Department of Children and Families argues that the mother waived the issue of the missed visits. However, we need not consider arguments raised in such a manner. See Mole v. University of Mass., 442 Mass. 582, 603 n.18 (2004).

At oral argument, the mother's counsel conceded the mother's unfitness but argued that, but for DCF's lack of assistance with transportation, such unfitness would have been temporary.